**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

JOSE ROBERTO CASANOVA VIDAL,

     Petitioner,

     v.                       Case No. 2:26-cv-02512-BCL-tmp

CHRISTOPHER BULLOCK,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

     Respondent.

---

**ORDER DENYING § 2241 PETITION**

---

Petitioner Jose Roberto Casanova Vidal earlier filed a petition under 28 USC 2241 challenging his detention without a bond hearing, which this Court denied in Case No. 2:26-cv 02396-BCL-tmp. Petitioner has now filed a new habeas petition (Doc. 1), a Motion for Preliminary Injunction (Doc. 6), Motion for Temporary Restraining Order (Doc. 6), and Motion to Expedite (Doc. 7). For the reasons that follow, Petitioner's Motions are **DENIED.** The Emergency Motion to Expedite Consideration of Habeas Petition and Pending Motion (Doc. 7) is **DENIED AS MOOT**.

**BACKGROUND**

Petitioner is a citizen of Peru who entered the United States in November of 2022. Doc. 1 at 3. On January 12, 2023, Petitioner reported to the ICE Memphis Intensive Supervision Appearance Program ("ISAP"). Doc. 1 at 4. At that time, ICE issued a Notice to Appear ("NTA") and released Petitioner on Alternatives to Detention ("ATD") supervision. *Id*. The NTA charged Petitioner with being "an arriving alien" and "an immigrant who, at the time of application for

admission, is not in possession of a valid unexpired immigrant visa" and "a valid unexpired passport, or other suitable travel document." Doc. 1-7 at 2, 5.

On December 1, 2025, Petitioner voluntarily appeared at the Memphis office of Immigration after being summoned for allegedly failing to comply with conditions of the ATD program. Doc. 1 at 4. On that day, Petitioner was taken into custody. *Id*. Since that day, Petitioner has been detained at the West Tennessee Detention Facility in this District. *Id*. He now seeks release or an individualized bond hearing to which he claims to be entitled by law under 8 U.S.C. § 1226(a). *Id*. at 12.

## **LEGAL STANDARD**

Section 2241 authorizes a court to issue a writ of habeas corpus when an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An alien seeking to challenge her detention relating to removal proceedings may in some circumstances seek relief through a Section 2241 petition. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Temporary restraining orders and preliminary injunctions are "extraordinary equitable remed[ies] that [are] never awarded as of right." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). To obtain such relief, the movant must "make a clear showing that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20). "Thus, '[t]he party seeking a preliminary injunction bears the burden of justifying such relief.'" *A.C.L.U. Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)). "If the plaintiff fails to show a likelihood of

2

success on the merits, the court may deny [the motion for a temporary restraining order] without any further consideration." *U.S. Sportsmen's All. Found. v. Ctrs. for Disease Control & Prevention*, 167 F.4th 813, 818 (6th Cir. 2026) (citing *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020)).

## ANALYSIS

**A.**    Like many recent cases, the statutory claim in this case turns on whether Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). Section 1226(a) provides that an "alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States," but that the alien "may" be "release[d] on bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2). The other provision, Section 1225(b)(2)(A), provides for mandatory detention:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). Section 1225(a)(1) further instructs:

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.

8 U.S.C. § 1225(a)(1).

Section 1225(b)(2)(A)'s mandatory detention provision controls. The Court is not writing on a blank slate: The Sixth Circuit recently addressed the meaning of Section 1225(b)(2)(A), and its interplay with Section 1226(a), in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). In *Lopez-Campos*, the Sixth Circuit held that, despite the broad language of Section 1225(b)(2)(A), Section 1226(a)'s permissive detention provision applies to an alien "detained within the interior

3

of the United States who never affirmatively applied for admission" (as contrasted with merely opposing removal). *Id.* at 721. The Sixth Circuit reasoned that "[n]oncitizens . . . who did not attempt lawful entry into the United States and are actively avoiding being inspected for lawful entry[ ] are not 'seeking admission'" under Section 1225. *Id.* at 723. The undersigned reached the opposite conclusion in a string of decisions arising in similar contexts, but the Court must and will faithfully follow the decisions of the Sixth Circuit unless and until they are overruled, because "vertical stare decisis is absolute." *Ramos v. Louisiana*, 590 U.S. 83, 124 n.5 (2020) (Kavanaugh, J., concurring in part).

Applying the holding of *Lopez-Campos* here, Petitioner is subject to mandatory detention under Section 1225(b)(2)(A). While Petitioner was eventually detained in the interior of the nation, his initial encounter with United States officials came when he first crossed into the United States—that is, when he "arrive[d] in the United States," as reflected in his immigration file deeming him an "arriving alien." 8 U.S.C. § 1225(a)(1). And as Petitioner acknowledges, he applied for admission and the immigration officer determined he was "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see* Doc. 1-7 at 5. Petitioner thus is an "applicant for admission" subject to mandatory detention. The passage of time does nothing to change that: Petitioner has not withdrawn his application for admission and conceded removability; he is still actively seeking admission and in fact has filed a new application, this time for asylum. Doc. 1 at 5. Nor does it matter that Petitioner was "paroled into the United States": Petitioner acknowledges that parole is not admission, and it therefore does not turn an "applicant for admission" who is "seeking admission" into something else. Doc. 14 at 2. Indeed, the very statute Petitioner cites confirms not only that parole is not admission but also that it does not permanently displace the other governing provisions, including Section 1225(b)(2)(A):

4

> [S]uch parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and shall thereafter continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A). Indeed, the very fact of parole confirms that Petitioner is an "applicant for admission" as defined in the statute, as the cited parole provision applies only to aliens applying for admission. *Id.*

Petitioner thus falls without *Lopez-Campos*'s definition of Section 1226(a) and within Section 1225(a)(1)'s definition of "applicants for admission" subject to mandatory detention under Section 1225(b)(2)(A).

**B.**    Petitioner also reprises the constitutional argument from his earlier petition—i.e., that the revocation of his parole and the resulting detention (now longer due to the passage of time) without a bond hearing violates due process. Doc. 1 at 9-10. Here again, the Court is bound to faithfully adhere to *Lopez-Campos*, where (in the context of addressing detention deemed to fall under Section 1226(a)) the Sixth Circuit held that: (1) despite *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), the entry fiction "does not control" when an alien has "resided within the United States for years," and (2) "the Due Process Clause requires an individualized bond hearing" where "immigration detention becomes needlessly prolonged and appears no longer to effectuate the regulatory goals of civil immigration detention." *Lopez-Campos*, 175 F.4th at 732–33. Accepting those holdings, Petitioner still has not shown a violation of due process. The Sixth Circuit in *Lopez-Campos* explicitly held that the calculus is different where—as here—Congress has specifically called for mandatory detention. *See Lopez-Campos*, 175 F.4th at 734 ("*Demore* [*v. Kim*, 538 U.S. 510 (2003)] . . . concluded that mandatory detention under Section 1226(c) without an initial individualized bond determination did not violate a noncitizen's procedural due process rights."). And even if the Due Process Clause did impose a time limit on

5

detention without a bond hearing pursuant to a mandatory detention statute, Petitioner has not identified any binding authority establishing, or even made any argument supporting the proposition that his less than roughly six months' detention, while immigration proceedings remain ongoing, would fall on the unconstitutional side of the line. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *cf. Zadvydas*, 533 U.S. at 701 (in context of statute allowing discretionary detention pending removal, holding as matter of constitutional avoidance that six months' detention is presumptively unreasonable if there appears to be no likelihood alien will actually be removed). Absent argument and authority supporting that surprising result, this Court has no authority to impose it on the political branches. Petitioner's constitutional argument therefore fails as well.

## **CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1), Motion for Preliminary Injunction (Doc. 6), Motion for Temporary Restraining Order (Doc. 6), and Motion to Expedite (Doc. 7) are **DENIED**. The Clerk is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED**, this 18th day of June, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE